# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| CASSIE M. JASPERSON, ) | |
| Plaintiff, ) | |
| ) | No. 24-1070 |
| v. ) | (Filed: October 15, 2024) |
| THE UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

Cassie M. Jasperson, pro se, Lincoln County, Wyoming

Emma E. Bond, Trial Attorney, U.S. Department of Justice, Civil Division, Washington, D.C., with whom were Steven J. Gillingham, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**Kaplan, Chief Judge.**

The plaintiff in this case, Cassie M. Jasperson, alleges that a variety of local government officials and a private attorney violated her rights under the Americans with Disabilities Act ("ADA"), committed violations of her civil rights cognizable under 42 U.S.C. §§ 1983, 1985(3), and 1986, and intentionally inflicted pain and suffering on her. The acts about which Ms. Jasperson complains occurred in the context of a bitter divorce and custody dispute as well as what Ms. Jasperson alleges were acts of violence and other abuse that her ex-husband committed against her and their children. See Compl. at 3, 21–23. Ms. Jasperson requests that this Court "remedy the issues" and that the named defendants "recompense in the amount of [] twenty million dollars." Compl. at 2.

On September 10, 2024, the government moved to dismiss Ms. Jasperson's complaint for lack of subject matter jurisdiction. Mot. to Dismiss, Docket No. 8; RCFC 12(b)(1). Ms. Jasperson did not file a response. For the reasons stated below, the government's motion is **GRANTED**.

## DISCUSSION

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draws all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). The plaintiff, however, has

the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs proceeding pro se, lacking the benefit of counsel in preparing their claims, receive a degree of latitude in their pleadings not afforded to parties represented by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). However, pro se plaintiffs must still meet the burden of establishing that this court has subject-matter jurisdiction. See Allen v. United States, 88 F.4th 983, 986 (Fed. Cir. 2023).

The Court of Federal Claims is, "like all federal courts," "a court of limited jurisdiction." Terran v. Sec'y of Health & Hum. Servs., 195 F.3d 1302, 1309 (Fed. Cir. 1999). Under the Tucker Act, which is the primary source of its jurisdiction, the Court of Federal Claims is empowered to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added).

The Tucker Act does not confer jurisdiction on this Court to hear claims against any defendants other than the United States. United States v. Sherwood, 312 U.S. 584, 587–89 (1941); see also Treviño v. United States, 557 Fed. Appx. 995, 998 (Fed. Cir. 2014) (affirming that the Court of Federal Claims lacks jurisdiction over claims against states, localities, state and local government officials, state courts, and state employees); Harvey v. United States, 845 Fed. Appx. 923, 926 (Fed. Cir. 2021) (emphasizing that the Court of Federal Claims lacks jurisdiction over claims against private parties and that "its jurisdiction only extends to suits against the United States itself").

The persons identified as "perpetrators" in Ms. Jasperson's complaint include a county judge, a county sheriff and his deputy, a county attorney, and a private attorney. None of the individuals named are officials or employees of the United States. Therefore, the Court lacks subject matter jurisdiction over Ms. Jasperson's claims. See Miller v. United States, No. 23-1971, 2023 U.S. Claims LEXIS 3275 (Fed. Cl. Dec. 28, 2023) (dismissing for lack of subject matter jurisdiction claims that were made solely against state and local government officials, a state judge, and private individuals allegedly committing violations in connection with a state court family law proceeding).

## CONCLUSION

Based on the foregoing, the government's motion to dismiss, Docket No. 8, is **GRANTED**. This case is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to RCFC 12(b)(1). The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge